UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH C. BROMLEY, JOSEPH V.
CLEMENTE, and DEAN J. CLEMENTE,
individually and as directors of National
Semi-Trailer Corp., a Michigan corporation;
RENEE SUCHARA, and individual; OMNI
VENTURES, INC., A Michigan corporation,
and CHURCHILL TRAILERS, INC.,
a Michigan corporation,

      Plaintiffs,

CASE NO. 05-71798
HON. LAWRENCE P. ZATKOFF

v.

RANDALL BROMLEY, individually and as
Trustee of The RANDALL BROMLEY FIRST
AMENDED AND RESTATED REVOCABLE
LIVING TRUST, JOHN VERDON and SCOTT
MACKEY, individually and in their capacity as
officers and directors of National Semi-Trailer
Corp., a Michigan Corporation; RICHARD PURVIS,
individually; and TRANSLAND HOLDINGS, LLC,
A Florida Limited Liability Company,

      Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on July 29, 2005

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendants Richard Purvis' and Transland Holdings LLC's Motion to Dismiss pursuant to Rule 12(b)(2) and 12(b)(6). Plaintiffs Joseph Bromley, et. al. have responded and Defendants have replied to the response. The Court finds that the facts and

legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendant's Motion to Dismiss is GRANTED.

## II. BACKGROUND

### A. The Parties

Plaintiffs are minority shareholders in National Semi-Trailer Corp. (hereinafter, "National"), which is a Michigan corporation with its principle place of business in Orlando, Florida. National is in the business of leasing semi-trailers for use in interstate commerce. Plaintiffs are Michigan residents and Michigan corporations.

Plaintiffs named six defendants in their Complaint: Randall Bromley[1], the Randall Bromley First Amended and Restated Revocable Living Trust, John Verdon[2], Scott Mackey[3], Richard Purvis[4], and Transland Holdings, LLC.[5] Collectively, Defendants Randall Bromley,

---

[1] Randall Bromley is the majority shareholder of National and lives in Orlando, Florida.

[2] John Verdon is the Director of National and resides in Florida.

[3] Scott Mackey is the President, Secretary, and Director of National and resides in Orlando, Florida.

[4] Richard Purvis is an employee of National and an assistant to Defendant Randall Bromley. He resides in Florida and is alleged by Plaintiffs to be the "life partner" of Randall Bromley.

[5] Transland Holdings, LLC is a Florida corporation that primarily conducts its business in Florida and has never conducted any business in Michigan. Transland Holdings is a holding company that was formed by Randall Bromley, Scott Mackey, and Joseph Bromley II (Randall Bromley's son) in order to purchase certain shipping terminals from National.

John Verdon, and Scott Mackey make up the group which manages and controls National.

**B. Facts**

Plaintiffs filed their Complaint in state court and thereby allege that Defendants violated certain sections of Michigan's Business Corporation Act. One of Plaintiffs' allegations is that Defendant Randall Bromley improperly spent National's funds on vacations and other gifts for Defendant Richard Purvis.

Plaintiff's Complaint was removed to federal court on May 6, 2005. On May 11, 2005, Defendants Richard Purvis and Transland Holdings (hereinafter, "moving Defendants") filed a Motion to Dismiss pursuant to Rule 12(b)(2) and 12(b)(6).

By their 12(b)(2) motion, the moving Defendants argue that the Court lacks personal jurisdiction over them because they have no contacts with Michigan. Plaintiff's June 1, 2005 Response Brief admits that their initial Complaint did not give the Court personal jurisdiction over the moving Defendants. To correct this defect, Plaintiffs amended their Complaint on May 31, 2005, adding a claim of conspiracy. Plaintiffs now assert that the Court has personal jurisdiction over the moving Defendants pursuant to the so-called "conspiracy theory."

### III. LEGAL STANDARD

A Motion to Dismiss under FED. R. CIV. P. 12(b)(2) asserts a "lack of jurisdiction over the person." The Sixth Circuit explained how such a motion is to be analyzed in *International Technologies Consultants, Inc. v. Euroglas, S.A.*, 107 F.3d 386, 391 (6th Cir. 1997) (citations omitted):

> The burden of establishing jurisdiction over the persons of the defendants rests with the plaintiff. In a case such as the one before us, both state and federal law are

relevant to the question whether the plaintiff has carried its burden. A federal court sitting in diversity may not exercise jurisdiction over a defendant unless courts of the forum state would be authorized to do so by state law--and any such exercise of jurisdiction must be compatible with the due process requirements of the United States Constitution.

### IV.  ANALYSIS

Because Plaintiffs have admitted that their initial Complaint did not grant the Court personal jurisdiction over moving Defendants, the Court need not address this issue.  *See* Response Brief, at 1 ("Plaintiffs acknowledge the Court does not have general personal jurisdiction over [the moving Defendants]. . .").  Accordingly, the Court lacks personal jurisdiction over the moving Defendants unless the Court determines that the so-called "conspiracy theory" of personal jurisdiction applies. The Court finds that it does not apply.

Plaintiffs rely heavily on *General Motors v. Ignacio Lopez*, 948 F. Supp. 656 (E.D. Mich. 1996) in support of their invocation of the conspiracy theory of personal jurisdiction.  In *Lopez*, Judge Edmunds explained:

> Some courts also recognize the theory that personal jurisdiction can be founded on conspiracy grounds. That is, because the acts of a conspirator in furtherance of the conspiracy may be attributed to the other members of the conspiracy, a nonresident coconspirator may be sued for the acts of the resident coconspirators.  Totally unsupported conspiracy allegations do not support jurisdiction. At the same time, it is not fair to require a plaintiff to plead specific facts proving conspiracy before discovery.

*Id*, at 664 (citations omitted).

In order to satisfy the conspiracy theory of personal jurisdiction, the state seeking jurisdiction

must have an applicable long-arm statute[6] and defendants must satisfy the Due Process requirement of minimum contacts. The constitutional requirement of minimum contacts means that the defendant must have minimum contacts with the forum state that do not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The Sixth Circuit utilizes three criteria in determining whether a nonresident defendant has had sufficient contacts to support personal jurisdiction:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Southern Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir.1968).

In *Lopez*, the Court analyzed the above minimum contacts criteria in light of the conspiracy theory and denied the defendants' motion to dismiss. The Court determined that defendant conspirators had "purposefully availed themselves of the privilege of acting in the forum and caused consequences in the forum." *General Motors v. Ignacio Lopez*, 948 F. Supp. at 664. The Court recognized that, though the bulk of defendants' alleged conspiracy took place in Europe, a number of the alleged conspirators had significant contacts with Michigan. The conspiracy was planned in Michigan, documents were taken from Michigan as part of the conspiracy, and a number of the defendants were living and working in Michigan when they conspired to steal trade secrets. *Id*.

---

[6] Michigan has such a broad long-arm statute. *See General Motors v. Ignacio Lopez*, 948 F. Supp. at 662 (" The Michigan long arm statute provides for limited personal jurisdiction over individuals and corporations if the action arises out of the transaction of 'any business' within the state or the 'doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.'").

5

In contrast, in the present case, none of the acts of the alleged conspiracy took place in Michigan. The conspiracy's only contact with Michigan is that Defendants are associated with National, a Michigan corporation. The conspiracy theory of personal jurisdiction cannot be used to extend personal jurisdiction over out-of-state co-conspirators based on such a minor contact with the forum state.

In sum, even if the Court accepts the allegations of conspiracy against moving Defendants Richard Purvis and Transland, LLC, the Court lacks personal jurisdiction because the alleged conspiracy did not involve a substantial act taking place in Michigan, nor will it cause a substantial effect in Michigan. For these reasons, the Court lacks personal jurisdiction over the moving Defendants.

## V. CONCLUSION

For the above reasons, the Court HEREBY GRANTS the moving Defendants' Motion to Dismiss pursuant to Rule 12(b)(2). Defendants Richard Purvis and Transland Holdings, LLC, are HEREBY DISMISSED.

IT IS SO ORDERED.

                                                  s/Lawrence P. Zatkoff
                                                  LAWRENCE P. ZATKOFF
                                                  UNITED STATES DISTRICT JUDGE

Dated: July 29, 2005

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 29, 2005.

                                          s/Marie E. Verlinde
                                          Case Manager
                                          (810) 984-3290