UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH C. BROMLEY, JOSEPH V.
CLEMENTE, and DEAN J. CLEMENTE,
individually and as directors of National
Semi-Trailer Corp., a Michigan corporation;
RENEE SUCHARA, and individual; OMNI
VENTURES, INC., A Michigan corporation,
and CHURCHILL TRAILERS, INC.,
a Michigan corporation,

          CASE NO. 05-71798

      Plaintiffs,          HON. LAWRENCE P. ZATKOFF

v.

RANDALL BROMLEY, individually and as
Trustee of The RANDALL BROMLEY FIRST
AMENDED AND RESTATED REVOCABLE
LIVING TRUST, JOHN VERDON and SCOTT
MACKEY, individually and in their capacity as
officers and directors of National Semi-Trailer
Corp., a Michigan Corporation; JOSEPH C. BROMLEY, II
as an officer and direction of NATIONAL SEMI-TRAILER
CORP., RICHARD PURVIS, individually; and TRANSLAND
HOLDINGS, LLC, A Florida Limited Liability Company,

      Defendants.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on December 14, 2005

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

This matter is before the Court on Defendants' Motion for Partial Summary Judgment to

Dismiss Joseph C. Bromley, Sr. for Lack of Standing.  Plaintiffs' have responded and Defendants

have replied to the response.  The Court finds that the facts and legal arguments are adequately

presented in the parties' papers and the decision process would not be significantly aided by oral

argument.  Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion

be resolved on the briefs submitted.  For the reasons set forth below, Defendants' Motion for Partial

Summary Judgment is GRANTED, in part, and DENIED, in part.

## II. BACKGROUND

The present action was brought by Plaintiffs in their individual capacities, and as directors

and shareholders of National Semi-Trailer Corp. (hereinafter, "National").  National is a Michigan

corporation in the business of leasing semi-trailers for use in interstate commerce.  By their

Complaint, Plaintiffs have asserted claims for minority shareholder oppression, removal of directors,

accounting, inspection of records, and conspiracy.  In essence, Plaintiffs object to a number of

expenses National has incurred on Defendants' behalf, and Plaintiffs object to the way Defendants

are managing National.

Defendants' present motion seeks to dismiss Plaintiff Joseph C. Bromley, Sr.  (hereinafter,

"Bromley Sr.") for lack of standing.  Bromley Sr. is the father of co-Defendants Randall Bromley

and Joseph Bromley II, who are each officers and directors of National.  When this action was filed,

Bromley Sr. was also a director of National, but he has since been removed.  Based on Bromley Sr.'s

removal as a director and the fact that Bromley Sr. owns no shares of National, Defendants brought

the present motion to dismiss Bromley Sr. for lack of standing.

## III. LEGAL STANDARD

Summary judgment is appropriate only if the answers to the interrogatories, depositions, admissions,

and pleadings combined with the affidavits in support show that no genuine issue as to any material

fact remains and the moving party is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56(c).  A genuine issue of material fact exists when there is "sufficient evidence favoring the non-moving party for a jury to return a verdict for that party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citations omitted).  In application of this summary judgment standard, the Court must view all materials supplied, including all pleadings, in the light most favorable to the non-moving party.  *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50 (citations omitted).

The moving party bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial.  *See* FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 324.  The non-moving party must do more than show that there is some metaphysical doubt as to the material facts.  It must present significant probative evidence in support of its opposition to the motion for summary judgment in order to defeat the motion for summary judgment.  *See Moore v. Phillip Morris Co.*, 8 F.3d 335, 339-40 (6th Cir. 1993).

## IV.  ANALYSIS

Plaintiffs' Complaint alleges claims for minority oppression (MCL § 450.1489), removal of directors (MCL § 450.1514), right to inspect (MCL § 450.1487), accounting, (MCL § 600.3605) and conspiracy.  Defendant asserts that Plaintiff Bromley Sr. does not have standing to bring any of these claims because he is not a shareholder of National and he is no longer a director of National.

3

Plaintiffs do not dispute these facts and agrees that the question is properly before the Court as a

question of law.  The Court will analyze each of Plaintiffs' claims.

## A. MCL § 450.1489 – Minority Oppression

MCL § 450.1489 states:

(1) A shareholder may bring an action in the circuit court of the county in which the principal place of business or registered office of the corporation is located to establish that the acts of the directors or those in control of the corporation are illegal, fraudulent, or willfully unfair and oppressive to the corporation or to the shareholder.

As it is undisputed that Plaintiff Bromley Sr. is not a shareholder of National, he is not a proper

plaintiff for this count.  Accordingly, Plaintiff Joseph C. Bromley is HEREBY DISMISSED from

Count 1 (Minority Oppression, MCL § 450.1489) of Plaintiffs' Complaint.  As to the remaining

Plaintiffs, Count 1 remains properly before the Court.

## B. MCL § 450.1514 – Removal of Directors

MCL § 450.1514 states:

(1) The circuit court of the county in which the principal place of business or registered office of the corporation is located may remove a director of the corporation from office in a proceeding *commenced either by the corporation or by its shareholders* holding at least 10% of the outstanding shares of any class if the court finds that the director engaged in fraudulent, illegal, or dishonest conduct, or gross abuse of authority or discretion, with respect to the corporation, and removal is in the best interest of the corporation. [emphasis added]

Defendants argue that Plaintiff Bromley Sr. is not a proper party to this count because he is not a

shareholder of National and because he is no longer a director.  Plaintiffs respond that Bromley Sr.

was a director when the action was commenced and that public policy should prevent Defendants

from defeating Bromley Sr.'s claim by voting him off the board of directors.

The Court finds that Bromley's status as a director or former director of National is irrelevant

to his standing under MCL § 450.1514. The statute clearly indicates that an action may be

commenced "either by the corporation or its shareholders holding at least 10% of the outstanding

shares of any class." It is undisputed that Bromley Sr. is not a shareholder. In addition, Bromley

Sr.'s status as a director of National did not give him the authority to bring an action derivatively

on behalf of National. Moreover, Plaintiffs' Complaint does not allege that the action was brought

by National. Instead, the Complaint alleges that Bromley Sr. brought the action individually and

as a director of National.

Because Bromley Sr. is neither a shareholder nor the corporation itself, he had no authority

pursuant to MCL § 450.1514 to bring the present count. Accordingly, Plaintiff Joseph C. Bromley

is HEREBY DISMISSED from Count 2 (Removal of Directors, MCL § 450.1514) of Plaintiffs'

Complaint. As to the remaining Plaintiffs, Count 2 remains properly before the Court.

## C. MCL § 450.1487 – Right to Inspect

MCL § 450.1487 states:

(3) If the corporation does not permit an inspection within 5 business days after a
demand has been received in compliance with subsection (2), or imposes
unreasonable conditions upon the inspection, the shareholder may apply to the circuit
court of the county in which the principal place of business or registered office of the
corporation is located for an order to compel the inspection.

The statute also contains a similar right for directors:

(4) A director shall have the right to examine any of the corporation's books and
records *for a purpose reasonably related to his or her position as a director*. The
director may apply to the circuit court of the county in which the principal place of
business or registered office of the corporation is located for an order to compel the
inspection. [emphasis added]

Defendants assert that Bromley Sr. is not a shareholder and is no longer a director, and that

accordingly, he should not be permitted to maintain the present count seeking the right of inspection.

The Court disagrees.

Plaintiff Bromley Sr. was a director when he commenced this action and his purpose for inspection was reasonably related to his position as a director. Essentially, Bromley Sr. believed the corporation was being managed poorly and that an inspection would reveal this and was in the best interests of the corporation. Even though Bromley Sr. is no longer a director of National, he nevertheless still satisfies the statute's stated purpose. Bromley Sr.'s request to examine the corporate books and records is directly related to the time when he was a director of National. The Court believes that this reading is both a reasonable interpretation of the statute's text and is in accord with public policy. If Defendants' construction were adopted, a director's statutory right to examine the corporate records would be rendered meaningless because the board of directors could easily defeat this right by voting such a director off the board.

For these reasons, Defendants' Motion to Dismiss Plaintiff Joseph C. Bromley from Count 4 (Right to Inspect, MCL § 450.1487) is HEREBY DENIED.

**D. MCL § 600.3605 – Request for Accounting**

MCL § 600.3605 gives the courts jurisdiction over actions for an accounting of corporate conduct. The statute explains when jurisdiction is proper:

> (3) This jurisdiction may be exercised at the instance . . . of any director, trustee, or other officer of the corporation who has a general superintendence of its concerns, or by any stockholder of the corporation.

In the present case, Plaintiff Bromley Sr. was a director of National when this action was filed. As this is all that the statute requires, the Court finds that it is proper to exercise jurisdiction over Plaintiff's claim for an accounting. Accordingly, Defendants' Motion to Dismiss Plaintiff Joseph C. Bromley from Count 3 (Request for Accounting, MCL § 600.3605) is HEREBY DENIED.

6

**E. Conspiracy**

As the final claim of Plaintiffs' Complaint, Plaintiffs allege a count of conspiracy. Defendants assert that "[i]n order to have a claim for civil conspiracy, a plaintiff must prove a separate actionable tort." Defendants' Brief, at 8 (citation omitted). Defendants further assert that "[s]ince Bromley Sr. does not have standing to bring any of Plaintiffs' other four claims, he cannot bring a claim for conspiracy and concert of action." *Id.* Because the Court retained Count 3 (Request for Accounting) of Bromley Sr.'s Complaint, Bromley Sr. has a separate actionable tort. Accordingly, Defendants' Motion to Dismiss Plaintiff Joseph C. Bromley from Count 5 (Conspiracy) is HEREBY DENIED.

## V. CONCLUSION

For the above reasons, the Court HEREBY GRANTS, in part, and DENIES, in part, Defendants' Motion for Partial Summary Judgment. Defendants' Motion is GRANTED with respect to Count 1 (Minority Oppression, MCL § 450.1489) and Count 2 (Removal of Directors, MCL § 450.1514). Defendants' Motion is DENIED with respect to Count 3 (Request for Accounting, MCL § 600.3605), Count 4 (Right to Inspect, MCL § 450.1487), and Count 5 (Conspiracy).

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  December 14, 2005

CERTIFICATE OF SERVICE

  The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 14, 2005.

         s/Marie E. Verlinde       
         Case Manager
         (810) 984-3290