**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOSEPH C. BROMLEY, JOSEPH V.
CLEMENTE, and DEAN J. CLEMENTE,
individually and as directors of National
Semi-Trailer Corp., a Michigan corporation;
RENEE SUCHARA, and individual; OMNI
VENTURES, INC., A Michigan corporation,
and CHURCHILL TRAILERS, INC.,
a Michigan corporation,

                                      CASE NO. 05-71798

       Plaintiffs,                         HON. LAWRENCE P. ZATKOFF

v.

RANDALL BROMLEY, individually and as
Trustee of The RANDALL BROMLEY FIRST
AMENDED AND RESTATED REVOCABLE
LIVING TRUST, JOHN VERDON and SCOTT
MACKEY, individually and in their capacity as
officers and directors of National Semi-Trailer
Corp., a Michigan Corporation; JOSEPH C. BROMLEY, II
as an officer and direction of NATIONAL SEMI-TRAILER
CORP., RICHARD PURVIS, individually; and TRANSLAND
HOLDINGS, LLC, A Florida Limited Liability Company,

       Defendants.
_____/

**<u>OPINION AND ORDER</u>**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Defendants' Motion to Dismiss Counts 1 and 3 Pursuant

to Federal Rules of Civil Procedure 12(b)(1) and 56.  Plaintiffs have responded and Defendants have

replied to the response.  The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted.  For the reasons set forth below, Defendants' Motion to Dismiss is DENIED.

## II. BACKGROUND

The present action was brought by Plaintiffs in their individual capacities, and as directors and shareholders of National Semi-Trailer Corp. (hereinafter, "National").  National is a Michigan corporation in the business of leasing semi-trailers for use in interstate commerce.  By their Complaint, Plaintiffs have asserted claims for minority shareholder oppression, removal of directors, accounting, inspection of records, and conspiracy.  In essence, Plaintiffs object to a number of expenses National has incurred on Defendants' behalf and object to the way Defendants are managing National.

Defendants' present Motion to Dismiss seeks to dismiss Count 1 (MCL § 450.1489 – Minority Oppression) and Count 3 (MCL § 600.3605 – Accounting) of Plaintiff's Complaint.

## III. LEGAL STANDARD

### A. Rule 12(b)(1) Dismissal

Rule 12(b)(1) permits a defendant to move for dismissal for lack of subject matter jurisdiction.  The Court may consider affidavits, documents, and limited testimony on the disputed facts.  If the motion questions the sufficiency of the pleadings, however, it is a facial attack and is

reviewed under the Rule 12(b)(6) standard. *See Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Rule 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted. "In reviewing the motion, we must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Penny/Ohlmann/Niemann, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005).

**B. Rule 56 Summary Judgment**

Summary judgment is appropriate only if the answers to the interrogatories, depositions, admissions, and pleadings combined with the affidavits in support show that no genuine issue as to any material fact remains and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). A genuine issue of material fact exists when there is "sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citations omitted). In application of this summary judgment standard, the Court must view all materials supplied, including all pleadings, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

The moving party bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and come forward with specific

3

facts to demonstrate that there is a genuine issue for trial.  *See* FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 324.  The non-moving party must do more than show that there is some metaphysical doubt as to the material facts.  It must present significant probative evidence in support of its opposition to the motion for summary judgment in order to defeat the motion for summary judgment.  *See Moore v. Phillip Morris Co.*, 8 F.3d 335, 339-40 (6th Cir. 1993).

# IV.  ANALYSIS

By their Motion, Defendants seek to Dismiss Counts 1 and 3 of Plaintiff's Complaint.  The Court will separately address Defendants' arguments as to each count in the following sections.

## A. Count 1 (Minority Oppression – MCL § 450.1489)

### (1) Whether Plaintiffs Can Bring a Direct Action for Corporate Harm

Defendants argue that Plaintiffs do not have standing to assert a claim of minority oppression.  Defendants assert that Plaintiffs claims merely allege damage to National as the corporation and that accordingly, National is the real party in interest and any claims should be brought derivatively on behalf of National.  The Court disagrees.

MCL § 450.1489 states:

(1) A shareholder may bring an action in the circuit court of the county in which the principal place of business or registered office of the corporation is located to establish that the acts of the directors or those in control of the corporation are illegal, fraudulent, or willfully unfair and oppressive to the corporation or to the shareholder.

Pursuant to the plain language of this statute, Plaintiffs are entitled to bring a direct action to establish that those in control of the corporation have committed unfair and oppressive acts either to the shareholder *or* to the corporation.  Plaintiffs' numerous allegations clearly satisfy this

4

standard.

Defendants direct the Court to various caselaw regarding shareholder derivative suits in an attempt to have the Court ignore the plain language of § 489.  *See Belle Isle Grill Corp. v. City of Detroit*, 256 Mich. App. 463 (2003) (stating that ordinarily, shareholder suits alleging damage to the corporation must be brought derivatively); *see also Gaff v. Federal Deposit Inc. Corp.*, 814 F.2d 311, 315 (6th Cir. 1987).  Defendants also direct the Court to caselaw which asserts that Michigan law only permits three exceptions to the general rule that shareholder suits to vindicate corporate rights must be brought derivatively.  *See* Defendants' Motion to Dismiss, at 5.  Defendants' caselaw, however, is largely irrelevant to the issues before the Court as it addresses neither the plain language of § 489 nor the Michigan Court of Appeals' interpretation of § 489 in *Estes v. Idea Engineering & Fabrications, Inc*.  In *Estes*, the Michigan Court of Appeals stated:

> It is the judgment of this Court that § 489 is quite clear in its mandate: § 489 creates a statutory cause of action along with flexible discretionary remedies to shareholders of closely held corporations. ***Moreover, it is clear that this statutory cause of action for "oppression" in favor of minority shareholders who are abused by "controlling" persons, is a direct cause of action, not derivative***, and though similar to a common-law shareholder equitable action, provides a separate, independent, and statutory basis for a cause of action. We come to this conclusion on the basis of the plain reading of the statute. Moreover, we note as the majority in *Estes* does, that M.C.L. § 450.1103 of the MBCA states, in pertinent part, that the act "'shall be liberally construed ... (c) [t]o give special recognition to the legitimate needs of close corporations.'"

*Estes v. Idea Engineering & Fabrications, Inc*., 250 Mich. App. 270, 278 (2002) (emphasis added).

The *Estes* Court, extensively citing the dissent of Judge Hoekstra in *Baks v. Moroun*, 227 Mich. App. 472 (1998) and adopting it as its own, also explained:

> The inclusion of the jurisdiction and venue provisions in § 489(1) indicates to me that the Legislature was establishing a new and separate cause of action for shareholders in closely held corporations.  I am additionally persuaded that the unique characteristics of a suit brought pursuant to § 489 compel this construction.

This Court is required to look at the object of the statute, the harm it is designed to remedy, and apply a reasonable construction that best accomplishes the purpose of the statute.  In general, a closely held corporation differs from a publicly held corporation in two ways.  The most obvious difference is that a shareholder who may pursue a suit under § 489 is unable to escape an oppressive situation by dispensing with shares of ownership in the public arena.  Instead, the shareholder seeking relief is required to seek a judicial dissolution of the closely held corporation or another remedy within the statute.

A second obvious difference is that the shareholders of a closely held corporation participate in the management of the corporation, whereas the management of a publicly held corporation represents the shareholders. One tool of a dissatisfied shareholder in a publicly held corporation is the ability to bring a lawsuit against a director.

***

Not only are the purposes of a § 489 suit different from a § 541a [breach of fiduciary duties] suit, but many concrete differences between the two suits also exist. First, as already stated, suits brought pursuant to §§ 489 and 541a redress different injuries. ***A § 489 suit seeks to redress oppression that injures either the corporation or the shareholder***, whereas a § 541a suit seeks to redress wrongs to the corporation. Second, a suit brought pursuant to § 489 is decided differently from a suit brought pursuant to § 541a, which is governed by the standard of conduct explained in Detroit.  Although Michigan courts have yet to consider what action constitutes "willfully unfair and oppressive conduct" in suits brought pursuant to § 489, several other states' courts have applied an objective test based on the shareholder's reasonable expectations.

Third, §§ 489 and 541a suits involve different parties. The defendants in a § 489 suit may be either the directors or "those in control of the corporation," whereas the defendants in a § 541a suit are only the directors or officers who have breached their fiduciary duty of care. Application of § 492a of the act, M.C.L. § 450.1492a; MSA 21.200(492a), to § 541a means that the plaintiffs in a § 541a suit may be either current or former shareholders, whereas the plaintiffs in a § 489 suit may only be current shareholders. Last, the parties in §§ 489 and 541a suits arrive in different procedural postures. ***The plaintiffs in a § 489 suit may represent themselves and other similarly situated shareholders and bring their suits as individual or direct actions***. The plaintiffs in § 541a suits typically represent the corporation and bring their suits as derivative actions pursuant to § 492a.

*Estes*, 250 Mich. App. at 280-283 (citations omitted).

As further support for the Judge Hoekstra's position that § 489 establishes a direct cause of action, the Court in *Estes* cited the following from the amicus brief of the Corporation Law

6

Committee of the Business Law Section of the State Bar of Michigan, the committee that participated in the drafting of § 489:

> Based on the history of section 489, its language and place in the statutory scheme, the fundamental assumption made in the Baks' decision [which Judge Hoekstra dissented from] is incorrect, as is its reference to a derivative action. Section 489 and its predecessor section 825 were added to the Michigan statutes to give a statutory cause of action to shareholders who are abused by controlling persons. ***The claim under section 489 is direct, not derivative.*** The statutory cause of action is, of course, similar to the common law shareholder equitable action for dissolution, but is independent of that traditionally limited and uncertain cause of action.

*Id*. at 284 [emphasis added].

Defendants' Motion to Dismiss largely ignores *Estes'* central holding that an action pursuant to § 489 is a direct, and not a derivative, action.  Defendants further ignore both *Estes'* and the statute's clear language that an action may be brought for minority oppression resulting in harm either to the shareholder *or* to the corporation.  Plaintiff's Complaint alleges numerous claims of mismanagement of the corporation resulting in harm both to the corporation and to the interests of the shareholders and therefore satisfies the basic standing requirement of § 489.

Defendants next argue that Plaintiffs fail to satisfy the following provision of MCL § 450.1489(3), which states:

> (3) As used in this section, "willfully unfair and oppressive conduct" means a continuing course of conduct or a significant action or series of actions that substantially ***interferes with the interests of the shareholder as a shareholder***. Willfully unfair and oppressive conduct may include the termination of employment or limitations on employment benefits to the extent that the actions interfere with distributions or other shareholder interests disproportionately as to the affected shareholder. The term does not include conduct or actions that are permitted by an agreement, the articles of incorporation, the bylaws, or a consistently applied written corporate policy or procedure. [emphasis added]

Specifically, Defendants argue that Plaintiffs' rights as a shareholder have not been interfered with, and that accordingly, Plaintiffs should not be permitted to bring an action pursuant to § 489.  The

Michigan Court of Appeals addressed this question in *Franchino v. Franchino*, 263 Mich. App. 172 (2004).  The *Franchino* court explained that "[s]hareholder's rights are typically considered to include voting at shareholder's meetings, electing directors, adopting bylaws, amending charters, examining the corporate books, and receiving corporate dividends."  *Id*. at 184.  The *Franchino* court then interpreted the language of the statute and concluded "that MCL 450.1489(3) does not allow shareholders to recover for harm suffered in their capacity as employees or board members."

Defendants cite the holding of *Franchino* in support of their argument, but the Court does not believe that *Franchino*'*s* holding is detrimental to Plaintiffs' claim.  Plaintiffs are not asserting that their rights as employees or board members have been harmed, but instead assert that the corporation has been harmed, and that various of their rights as shareholders have been directly harmed.  In *Lozowski v. Benedict*, 2006 WL 287406 (2006), the Michigan Court of Appeals addressed a similar factual scenario and held that defendants had interfered with plaintiff's interests as a shareholder where plaintiff alleged that defendants were funneling corporate funds to other corporations controlled by the defendants.  In the present case, the Court finds that Plaintiffs' allegations sufficiently allege harm to their interests as shareholders to survive Defendants' Motion to Dismiss and to create a genuine issue of material fact.

Next, regarding the legal question of whether Plaintiffs are entitled to bring an action for harms to the corporation under § 489(3), the Court believes that Plaintiffs are entitled to bring such an action.  Though § 489(3) and *Franchino* do not address oppressive conduct to the corporation, § 489(1) specifically permits an action for "willfully unfair and oppressive [conduct] to the corporation or to the shareholder."  Under Defendants' interpretation of § 489, which would not permit a direct action for harm to the corporation, § 489(1)'s reference to unfair and oppressive

8

conduct "to the corporation" would be rendered meaningless. As a further contradiction to Defendants' position, the Michigan Court of Appeals addressed this precise issue in *Estes* when it stated that "[a] § 489 suit seeks to redress oppression that injures either the corporation or the shareholder." *Estes*, 250 Mich. App. at 282. As discussed above, *Estes* also clarified that a § 489 action is a direct action and not a derivative action. *See id*. at 284. For these reasons, the Court finds that Plaintiffs have standing to bring a direct action for minority oppression against Defendants for the harms alleged in the Complaint.

**(2) MCL § 450.1545a**

Defendants make a final argument pursuant to MCL § 450.1545a in support of their motion to dismiss Count 1. MCL § 450.1545a states:

> (1) A transaction in which a director or officer is determined to have an interest shall not, because of the interest, be enjoined, set aside, or give rise to an award of damages or other sanctions, in a proceeding by a shareholder or by or in the right of the corporation, if the person interested in the transaction establishes any of the following:
>
> (a) The transaction was fair to the corporation at the time entered into.
>
> (b) The material facts of the transaction and the director's or officer's interest were disclosed or known to the board, a committee of the board, or the independent director or directors, and the board, committee, or independent director or directors authorized, approved, or ratified the transaction.
>
> (c) The material facts of the transaction and the director's or officer's interest were disclosed or known to the shareholders entitled to vote and they authorized, approved, or ratified the transaction.

Defendants assert that the various transactions complained of by Plaintiffs were fair and were approved by disinterested members of the board of directors. The Court finds that a genuine issue of material fact exists as to this issue and that accordingly, it is not for the Court to determine whether certain complained of transactions were fair or whether the transactions were approved by

9

the board or shareholders.

For the above reasons, Defendants' Motion to Dismiss Count 1 is denied.

**B. Count 3 (MCL § 600.3605 – Accounting)**

MCL § 600.3605 gives the courts jurisdiction over a corporate accounting and states:

(3) This jurisdiction may be exercised at the instance . . . of any director, trustee, or other officer of the corporation who has a general superintendence of its concerns, or by any stockholder of the corporation.

Defendants assert that any harm complained of by Plaintiffs is to the corporation and that Plaintiffs are not the real party in interest. Accordingly, Defendants argue that Plaintiffs should not be permitted to bring a direct action, and that Count 3 should be dismissed. The Court disagrees.

In its December 14, 2005 Opinion and Order, the Court explained: "In the present case, Plaintiff Bromley Sr. was a director of National when this action was filed. As this is all that the statute requires, the Court finds that it is proper to exercise jurisdiction over Plaintiff's claim for an accounting." December 14, 2005 Opinion, at 6. The Court's reasoning continues to apply. In addition to being brought by Plaintiffs as shareholders of National, Plaintiffs' action for an accounting was brought by Plaintiffs as directors of National. Neither MCL § 600.3605 nor any caselaw that the Court is aware of requires directors to bring an action for an accounting derivatively. Accordingly, the Court finds that it is proper for it to exercise jurisdiction over Plaintiffs' claim for accounting.

For these reasons, Defendants' Motion to Dismiss Count 3 is denied.

### V. CONCLUSION

For the above reasons, the Court HEREBY DENIES Defendants' Motion to Dismiss Counts

10

1 and 3 Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 56.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  June 7, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 7, 2006.

s/Marie E. Verlinde
Case Manager
(810) 984-3290

11